UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| Plaintiff-Respondent, | § |
| | § |
| V. | § CRIMINAL ACTION NO. H-10-197 |
| | § CIVIL ACTION  NO. H-12-3226 |
| STEVEN T. CARR, | § |
| | § |
| Defendant-Movant. | § |

## ORDER

On June 10, 2013, a Memorandum and Recommendation was filed denying Movant's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 246). On July 12, 2013, Movant Steven Carr filed an Affidavit and Objections (Document No. 248) to the Memorandum and Recommendation filed on June 10, 2013. In his Affidavit and his Objections, Carr raises, for the first time, a claim of ineffective assistance of counsel based on counsel's failure to discuss the sentencing guidelines with him "in relation to signing a plea agreement versus going to trial." While Carr does not appear to contest at this point that the Government did not ever make a plea offer, his claim now seems to be that counsel should have advised him about the consequences, under the sentencing guidelines, of pleading guilty (even without a plea offer) versus going to trial. This ineffectiveness claim is new and was not addressed by the Government in its Response to Carr's § 2255 motion, nor was it addressed in the Memorandum and Recommendation. In addition, the claim is not time-barred, it having been included in Objections filed within one year of the United States Supreme Court denying Carr's petition for writ of certiorari. Based on the contents of Carr's Affidavit, and to provide for a full and complete review of all Carr's claims, it is

ORDERED that Government shall, within sixty (60) days after the entry of this Order, file a supplemental and/or amended Response to Carr's § 2255 Motion, which addresses Carr's new ineffective assistance of counsel claim.

Signed at Houston, Texas, this 24th day of July, 2013.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE

STATEMENT OF FACTS
AND
AFFIDAVIT IN SUPPORT

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

JUL 12 2013

AFFIDAVIT OF STEVEN T. CARR

David J. Bradley, Clerk of Court

State of **Michigan** )
County of **Washtenaw** )

Steven T. Carr, being duly sworn, deposes and says:

1. My name is Steven T. Carr. I am over 18 years of age. I reside at the Federal Correctional Institution located in Milan, Michigan.

2. I am fully competent to make this affidavit, and I have personal knowledge of the facts stated in this affidavit. To my knowledge, all of the facts stated in this affidavit are true and correct.

3. I am the Movant in this matter and make this affidavit in support of my response to the Recommendation.

4. At no time did my trial counsel, Gerardo Montalvo, ever discuss with me the application of the Sentencing Guidelines in relation to signing a plea agreement versus going to trial.

5. At no time did counsel discuss the consequences of deciding to go to trial versus pleading and the loss of acceptance of responsibility and the reduction for doing so.

6. I advised counsel of the incident of being led into the hall at the same time two jurors, numbers 3 and 4, were returning from the restroom and the two jurors witnessed me in leg chains and in handcuffs. At the same time the two jurors witness an altercation between myself and a U.S. Marshal due to some comments made by the Marshal and the fact he pushed me out into the hall-in full view of the two jurors. Counsel did not place this incident on record, but there would be video record from the camera in the hallway that day, November 16, 2010 at approximately 2:00 P.M.

Dated: **7/8/2013**       Respectfully: _[signature]_
NOTARY: _[signature]_
MY COMMISSION EXPIRES: **10/25/2018**

HILLARY LEE STRAUB
NOTARY PUBLIC, STATE OF MI
COUNTY OF MONROE
MY COMMISSION EXPIRES OCT. 25, 2018
ACTING IN THE COUNTY OF
**Washtenaw**

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

JUL 12 2013

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES OF AMERICA,  )
   Plaintiff-Respondent,   )
                              ) CRIMINAL ACTION NO. H-10-197
V.                               )
                               ) CIVIL ACTION NO.    H-12-3226
STEVEN T. CARR,            )
   Defendant-Movant,       )

RESPONSE TO MEMORANDUM AND RECOMMENDATION
DENYING MOVANT'S §2255 MOTION TO VACATE
SET ASIDE OR CORRECT SENTENCE

    COMES NOW the Defendant-Movant, Steven T. Carr, pro se and hereinafter known as Movant, and without the benefit of counsel and prays this Court to construe this pleading liberally and hold it to a less stringent standard than formal pleadings drafted by lawyers; if Court can reasonably read pleadings to state valid claims on which litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 US 364, 70 L.Ed.2d 551, 102 S.Ct. 700 (1982).

BACKGROUND

    Movant presented several instances of ineffective assistance of counsel concerning his trial counsel, Gerardo Montalvo. The government requested, and this Court granted, an affidavit from Montalvo be filed by March 23, 2013 addressing the claims raised by Movant in his §2255 motion. The Magistrate Judge, in his Recommendation, points out that Movant has not filed a response to that affidavit. The reason no response was filed was due to the very fact Movant never received a copy of the affidavit. Movant now proceeds with his

response based upon the information available to him.

## RESPONSE

An attorney exercising his professional judgement on whether to negotiate a plea bargain would be favorable to a defendant is generally immune from challenge. See <u>Wiggins</u> v. <u>Smith</u>, 539 US 510, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003)(articulating that "strategic choice made after a thorough investigation of law and facts relevant to plausible options are vitually unchallengeable").

That being said, attorney in this matter did discuss the advisory Guideline Range with Movant and stated he would be facing somewhere between 37 and 46 months. Yet counsel never sought a plea agreement and proceeded to trial where Movant received an 87 month sentence. Attorney never discussed with Movant the application of the Sentencing Guidelines if he went to trial as opposed to pleading guilty. At no time did Movant insist on going to trial. A review of the record will conclude that counsel was deficient in not adequately advising Movant of the law applicable to his options of going to trial or pleading guilty without a plea agreement. Counsel did not adequately explain the Guidelines to Movant and did not show Movant how the Guideline imprisonment range would be different if Movant went to trial as opposed to entering a guilty plea. Counsel never discussed with Movant the option of entering a plea without a plea agreement. Counsel never discussed in a timely manner with Movant the option of entering a plea to be eligible for a lesser sentence because of his acceptance of responsibility. Because counsel did not adequately inform Movant of the sentencing consequences of deciding to plead guilty versus going to trial, attorney's per-

formance was deficient.

To prevail and establish prejudice where a defendant has gone to trial rather than enter a plea, the defendant must show: (1) he would have accepted a plea but for counsel's advice; and (2) had he done so, he would have received a lesser sentence. Armstead v. Scott, 37 F.3d 202, 206 (5th Cir. 1994); and United States v. Grammas, 376 F.3d 433 (2004), See United States v. Booth, 432 F.3d 546,(3rd Cir. 2005)(explaining a defendant must show that, but for counsel's ineffectiveness, he would have received a lower sentence). Thus, since Movant never insisted on going to trial and he received a more harsh sentence by going to trial he fits the criteria set forth in Booth. Movant's sentence was more than three years longer due to the fact counsel never advised Movant of the difference in the Guidelines when one goes to trial and loses the reduction for acceptance of responsibility.

During Movant's sentencing the Court concluded on its own that Movant's offense involved a threat of death for purposes of an enhancement under U.S.S.G. §2B3.1(b)(2)(F). This was done inspite of fact that both the Probation Office in the PSR and the Government implicitly admitted that Movant did not make such a threat. This is supported in the trial transcripts as well.

Movant was convicted of interfering with interstate commerce through force or the threat of force. Thus, the inherent nature of the offense is already factored into the base offense level without the enhancement. Pagarani never testified that he was threatened with death, or that he ever felt his life was in danger. Movant never brandished a deadly weapon, or made pretentions that he even

possessed one.

Recently the Supreme Court determined in <u>Alleyne v. United States</u>, U.S. No. 11-9335, 6/17/13) that any fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. The essential point here is the aggravating fact found by the sentencing court produced a higher range, which, in turn, conclusively indicates that the fact is an element of distinct and aggravated crime. It must, therefore, be submitted to the jury and found beyond a reasonable doubt. The Court in its decision concluded, "Because the legally prescribed range is the penalty affixed to the crime...it follows that a fact increasing either end of the range produces a new penalty and constitues an ingredient of the offense."

The next issue involves the uncalled witnesses. "[T]o prevail on an ineffective assistance claim based on counsel's failure to call a witness, the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the contents of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." <u>Day v. Quarterman</u>, 566 F.3d 527, 538 (5th Cir. 2009); <u>Alexander v. McCotter</u>, 775 F.2d 595, 602 (5th Cir. 1985)(To demonstrate error, or ineffective assistance of counsel, the petitioner must prove that a witness's testimony would have helped him, and that the witness would have testified to certain facts or information at trial).

The prosecution, Mr. Hileman, admits that several of the witnesses Movant wanted called were in fact subpoenaed and present at trial. Mr. Hileman goes on to say that those witnesses would not

have been able to add anything new to the trial. This on his part is speculative at best. He goes on to say that he witnessed my counsel talking to the witnesses in the hallway and that these witnesses would not have testified to matters that would have been helpful to the defense. Movant disagrees. The bank teller could have been questioned further about the questions which were asked Pagarani before cashing the check and if he appeared to be upset in his demeanor. The victim, Pagarani, testified that the bank teller called him and asked if he wanted Movant to cash the check. The record did not develope what was asked and said other than to cash the check. The witness would not have been cumulative due to the fact of the developement of the record as to the entire conversation which would have proven Movant did not steal or force Pagarani to pay any check. The jury was deprived of hearing all the facts surrounding the cashing of the check and Pagarani's responses given to the questions asked by the bank teller casting Movant in a different light. Counsel's failure to call the bank teller was not the product of reasoned trial strategy, but a deficiency meeting the prejudice prongs of Strickland v. Washington, 466 U.S. 668 (1984). To not develope the record to its fullest can not be labeled the product of reasoned trial strategy. It can only be labeled letting the prosecution present its case and hoping for some help on appeal. This brings us to the issue of jurors witnessing Movant in handcuffs and leg restraints for which counsel never presented the issue to the Court, but again told Movant to present the issue on appeal. This seemed to be his trial strategy. Again, Movant did not receive a copy of the affidavit from his counsel and must rely on the response from the government as well as Magis-

trate's Recommendation.

Movant raised the issue on direct appeal thus it may be litigated on habeas review. When Movant advised counsel of the happening in the hallway, counsel failed to object and request a mistrial after two of the jurors witnessed Movant in shackles and handcuffs during the trial. Counsel failed to challenge for cause or seek disqualification of the two jurors. Counsel should have requested a hearing seeking the production of the hallway camera showing the encounter with the jurors as well as the altercation with the Marshal. Movant was denied his Constitutional right of a presumption of innocence by the viewing of Movant in cuffs and leg restraints being pushed into the hallway in their view where the jurors could hear what was being said by the Marshal. Counsel can not deny he was advised by Movant of what took place in the hallway because counsel did question the Marshal, but failed to seek the copies of the video camera in the hallway. The Marshal made his comments within the hearing of the two jurors and, again, the video record would show the jurors, Movant, and the Marshal in the hallway along with an altercation between Movant and the Marshal all in full view of the two jurors. The Marshal made comments which were overheard by the jurors as was at issue in <u>Parker v Gladden</u>, 385 U.S. 363, 87 S.Ct. 468 (1966). The viewing as well as the comments were made before any jury deliberation of guilty and had an effect on the verdict.

The Marshal's conduct violated Movant's right to trial by an impartial jury as applied in the due process clause of the Fourteenth Amendment. Prejuduce was shown by the official status of the Marshal which carried weight with jurors and further denied Movant's due

process.

The United States Constitution, Amendment VI, the right of a defendant in a state criminal prosecution to the full judicial protection of a trial by an impartial jury and the confrontation of witnesses against him or her include the right to protection from outside influences on the jurors as in Parker v. Gladden, supra, United States ex rel. DeLucia v. McMann, 373 F.2d 759 (2nd Cir. 1967). It held further that the case should be dismissed without prejudice, so that, if petitioners were denied a new trial, they again could present their petition to the United States District Court.

Finally, to hold Movant responsible for $175,000 in restitution can not be explained. Movant was responsible for presenting and cashing one $25,000 check and accepts the responsibility for that action. Movant never presented the other checks for cashing or for payment. Again, the bank teller could have been questioned and been able to answer any questions as to everything that transpired when Movant came into the bank that day. Counsel failed to put much defense on the behalf of Movant. The checks were not shown to have been endoresed by Movant or presented to the Federal Reserve for payment. The Movant did have to provide a thumb print for the check he cashed and none of the other checks were either presented or endorsed by MOvant. In addition, none of the other checks in question were made out to Movant.

## CONCLUSION

Movant should be granted the releif sought in his §2255 Motion based on the information provided. Movant seeks to have the video recording from the camera in question view by this Court for con-

- 7 -

sideration pertaining to his claims of the jurors witnessing him in cuffs and restraints as well as the altercation between Movant and the Marshal which took place in plain view of the jurors. In his original Motion, Movant sought this very same action to take place.

Movant also seeks to be sentenced within the Guidelines range set forth in the PSI. This would place Movant's sentence in line not only with the PSI, but also with <u>Alleyne</u> as determined by the Supreme Court in that landmark decision. In addition, this Court should readdress the findings on the restitution amount.

Movant has included an Affidavit In Support which accompanies this response. Fnally, Movant restates the fact he did not receive a copy of the Affidavit his counsel presented to this Court. Movant also calls to this Courts attention of his new address which should be used in any further correspondence.

Movant has shown that his trial counsel was deficient within the meaning of ineffective assistance of counsel throughout the entire pre-trial as well as during the entire trial itself. Thus, he is entitled to the relief sought or be sentenced to time served without the burden and expense of another trial.

Dated;_____        Respectfully submitted,

                                      _____
                                      Steven T. Carr, pro se
                                      61750-050
                                      Federal Correctional Institution
                                      P.O. Box 1000
                                      Milan, Michigan  48160

- 8 -



Clerk, United States District Court
Southern District of Texas
P.O. Box 61010
Huston, TX 77208

7720810101O